## Richard Wistar's Appeal.

### Richard Wistar's Estate.

The orphans' court has jurisdiction in partition where, if the parties claim under a will, any of them are minors, or the course of descent is not altered by the terms of the will.

One who is entitled to take real estate at an appraisement under the act of March 29, 1832 (P. L. 201), and has been duly notified of the inquest and of a rule to take or refuse, and has delayed action for eleven months, will not be permitted to file his acceptance on the day of the sale.

(Argued March 26, 1888. Decided April 23, 1888.)

July Term, 1887, No. 161, E. D. All the Judges present. Appeal by Richard Wistar from a decree of the Orphans' Court of Philadelphia County in proceedings to distribute a decedent's estate, January term, 1886, No. 271. Affirmed.

On February 23, 1886, Lewis A. Scott, guardian of Alexander H. Scott, John M. Scott, and Lewis A. Scott, Jr., presented a petition to the Orphans' Court of Philadelphia county, which set forth that Richard Wistar died in June, 1821, leaving a will which contained, *inter alia*, the following clause:

"Item. I do hereby give and devise unto my said daughters Catharine and Sarah all that my lot or piece of land called Prospect Hill, containing about 6 acres and ½, and all the buildings and improvements thereon, being the same premises which I purchased of George Clymer, in Penn township, on Poplar lane,

NOTE.—Where a rule is entered in partition proceedings for heirs to appear and take, or refuse to take, it is their duty to appear upon the day fixed. Sankey's Appeal, 55 Pa. 491. And the right to accept at an appraisement is lost by failure to do so. Wentz's Appeal, 7 Pa. 151. But the order of sale may be revoked in the discretion of the court, where the failure to accept was not due to the fault of the heir, and the property has not increased in value. Rasley's Estate, 2 Legal Record Rep. 232.

bounded by ground of George Roberts, the widow Masters, and Edward Bonsall, together with the appurtenances, to hold to them for and during all the term of their natural lives and the life of the survivor of them; and from and immediately after the decease of the survivor of them, I give the same unto the male issue then living of my said son Richard, their or his heirs and assigns in fee, but if no such issue shall then be living, in such case I give the same unto all the children of my said daughters Catharine and Sarah, and my said son, Richard, their heirs and assigns, in equal parts according to the number of them."

The petition further set forth that Catharine Wistar departed this life leaving her sister Sarah Wistar surviving; that the said Sarah Wistar departed this life September 21, 1866; that the male issue of testator's son Richard, living at the time of the death of the said Sarah Wistar, were as follows, namely, his sons Richard Wistar and William Lewis Wistar—also the said John M. Scott, Lewis A. Scott, Jr., and Alexander H. Scott, a minor, sons of Lewis A. Scott and his wife, Fanny W., daughter of the testator's son Richard (see Wistar v. Scott, 105 Pa. 200, 51 Am. Rep. 197), and Richard W. Hopkinson, son of Dr. Joseph Hopkinson, deceased, and his wife, Sarah W., daughter of said testator's son Richard, which said Sarah W. Hopkinkson, after the death of said Dr. Joseph Hopkinson, intermarried with James M. Gillilan; that the said Richard W. Hopkinson died intestate on the 30th day of December, 1881, leaving no issue or brothers or sisters or descendants of such, but leaving a widow, Lillie Hopkinson, and leaving his mother, the said Sarah W. Gillilan, in whom under the intestate act his estate vested: and that said real estate upon said decease of said Sarah Wistar, passed under said will to the petitioners and Richard Wistar, William Lewis Wistar and Richard W. Hopkinson, as male issue of the testator's son Richard, in equal undivided sixth parts.

The petition prayed for a partition.

The rights of the respective parties to the real estate described in the petition were settled by the supreme court in Wistar v. Scott, 105 Pa. 200, 51 Am. Rep. 197, and Wistar v. Gillilan, 1 Sad. Rep. 435.

The petitioners were put into possession of the portions

which they recovered by writs of *habere facias possessionem* and continued in such possession.

Richard Wistar and William Lewis Wistar filed a plea to the petition denying the right of the petitioners to have partition. This plea was struck off and an inquest awarded. An appeal was then taken, but the decree of the lower court was sustained. (See Wistar's Appeal, 115 Pa. 241, 8 Atl. 797). July 3, 1886, a rule was granted on all parties to accept or refuse the property at the valuations of the inquest, which amounted in the aggregate to about $180,000, and to show cause why, in the event of a refusal, there should not be a sale. This rule was served on all parties; and on July 17, 1886, an order was made which recited notice to all parties and the refusal of all to take, and appointed S. W. Reeves, Esq., a trustee to make sale. May 21, 1887, the appellant petitioned the court to vacate the appointment of Mr. Reeves as trustee on the ground that he was a law partner of the counsel for the petitioners. The court dismissed the petition. June 11, 1887, Richard Wistar presented a petition setting forth that the property would be sacrificed if put up at that season, and asking that the sale be postponed. This was refused.

June 13, the day of the sale, appellant presented to the court his acceptance of the property at the appraisement of $180,000. The court made the following order: "This having been presented in open court at 10:40 o'clock A. M., and the sale being advertised to take place at noon to-day, it is presented too late, and the court declines to take any action with reference thereto."

The property was sold for $205,000. Return was made on June 18 and the sale confirmed. The same day appellant renewed his offer to take the property at the appraisement. To this offer the court replied: "The offer to take at the valuation not having been made until long after the order of sale and the advertisement in pursuance thereof, the petition is dismissed."

The assignments of error specified: (1) The action of the court in not awarding the property to Richard Wistar under his offer to take at the valuation fixed by the inquest; (2) in directing the sale of the property after the offer; (3) in confirming the sale; and (4) in assuming jurisdiction over the case.

*William Gorman* and *Benjamin Harris Brewster,* for appel-

lant.—The court had no jurisdiction. Vowinckel v. Patterson, 114 Pa. 21, 6 Atl. 470; Selfridge's Appeal, 9 Watts & S. 55; Wistar v. Scott, 105 Pa. 200, 51 Am. Rep. 197; Snyder's Appeal, 36 Pa. 168, 78 Am. Dec. 372.

The appellant, being the oldest male issue of Richard Wistar, was entitled to take the land at any time before sale; and having exercised his right before sale, the court should have awarded the land to him. Act of March 29, 1832, § 37, P. L. 201; Ragan's Estate, 7 Watts, 438; Thompson v. Stitt, 56 Pa. 157.

*John M. Scott, J. Howard Gendell,* and *J. B. Townsend,* for appellees.—The provisions of the act of April 13, 1840, have been held to be disjunctive, that is to say, if the parties in interest claim under a will, then if any of them be minors, or if the course of descent is not altered by the terms of the will, in either case the court has jurisdiction. Selfridge's Appeal, 9 Watts & S. 55; Waln's Appeal, 4 Pa. 502; Rawle's Appeal, 119 Pa. 101, 12 Atl. 809.

The record of this case shows that this is a case of testacy, all parties claiming under the last will and testament of Richard Wistar, deceased, grandfather of the appellant, and that Alexander H. Scott, the owner of one sixth and a party to these proceedings, was a minor.

PER CURIAM:

The decree in this case is affirmed and appeal dismissed, at costs of appellant.